UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :
                                                              :    Chapter 11
METEX MFG. CORPORATION,                                        :
(f/k/a Kentile Floors, Inc.),                                 :    Case No. 12-14554 (CGM)
                                                              :
                              Debtor.                          :
                                                              :
------------------------------------------------------------- x

## ORDER (I) APPROVING DISCLOSURE STATEMENT REGARDING PLAN OF REORGANIZATION; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON THE PLAN; (III) APPROVING THE FORM OF BALLOTS; (IV) SCHEDULING A COMBINED HEARING TO CONSIDER CONFIRMATION OF THE PLAN AND APPROVAL OF NINE RELATED INSURANCE SETTLEMENT AGREEMENTS; (V) APPROVING PROCEDURES FOR NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE PLAN AND APPROVAL OF THE INSURANCE SETTLEMENT AGREEMENTS AND FOR FILING OBJECTIONS THERETO; AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the debtor and debtor-in-possession in the

above-captioned case (the "Debtor") for entry of an order, pursuant to sections 105, 1125, 1126,

and 1128 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"),

Rules 2002, 3017, 3018, 3020, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules"), (i) approving the Disclosure

Statement as providing "adequate information" within the meaning of section 1125(a) of the

Bankruptcy Code, (ii) establishing procedures for solicitation and tabulation of votes on the Plan,

(iii) approving the form of ballots, (iv) scheduling the Combined Hearing, (v) approving the

form, manner, and scope of mailed and published notices of the time fixed (a) to vote to on the

---

[1] Capitalized terms used but not defined in this Order have the meanings given in the Motion and/or the Plan, as the context requires.

- 1 -

Plan, (b) for filing objections to confirmation of the Plan and the Insurance Settlement Motions, and (c) for the Combined Hearing, and (vi) granting related relief; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and the Court having reviewed and considered all timely filed objections to the Motion; and a hearing on the Motion having been held; and it appearing that notice of the Motion was good and sufficient under the circumstances and that no other or further notice need be given; and the Court having considered the evidence presented and the arguments of counsel made at the hearing; and after due deliberation thereon, and good cause appearing therefor,

### THE COURT HEREBY FINDS AND DETERMINES THAT:

**I.        Jurisdiction and Venue**

A.        Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.        Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.        The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.).

**II.        The Disclosure Statement**

D.        The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and no further information is necessary.

E.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third party release) provisions contained in the Plan.

F.      The Disclosure Statement complies with all applicable Local Rules.

## III.    Disclosure Statement Hearing Notice

G.      The form and manner of the Disclosure Statement Hearing Notice were adequate and comply with due process.  Such notice constitutes good and sufficient notice to all interested parties, and no further notice is necessary.

## IV.    Voting Procedures

H.      The Voting Procedures attached hereto as Exhibit 1 provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

I.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1(b) and constitute sufficient notice to all interested parties of the Voting Deadline, the deadline to object to confirmation of the Plan, the Combined Hearing, and all related matters.

J.      The forms of ballot attached to the Motion as Exhibit B, Exhibit C, and Exhibit D, respectively, including all voting instructions provided therein, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of this Chapter 11 Case, and are appropriate for each class of claims entitled under the Plan to vote on the Plan.  No further information or instructions are necessary.

K.       Ballots need not be provided to claims in classes that are designated as unimpaired under the Plan or to parties that are not entitled to vote on the Plan.

L.       The period during which the Debtor may solicit acceptances of the Plan is a reasonable and sufficient time for holders of claims entitled to vote on the Plan to make an informed decision whether to accept or reject the Plan and timely return ballots evidencing such decision.

## V.    **The Combined Hearing**

M.       The proposed procedures regarding notice to all parties in interest of the time, date, and place of the Combined Hearing and for filing objections or responses to the Plan and the Insurance Settlement Motions, provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Motion is GRANTED.

## I.    **The Disclosure Statement**

2.       The Disclosure Statement, including the Recommendation Letter, contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code and is approved.

3.       All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the Disclosure Statement Hearing are overruled.

- 4 -

## II.   Approval of Plan Confirmation Schedule

4.   The following dates and deadlines in connection with the Voting Procedures and the Combined Hearing are approved:

a.   The Voting Deadline shall be **May 2, 2014 at 5:00 p.m. (prevailing Eastern time)**.

b.   Objections or responses, if any, to confirmation of the Plan and/or one or more of the Insurance Settlement Motions shall be filed and served on or before **May 2, 2014 at 4:00 p.m. (prevailing Eastern time)**.

c.   Consolidated replies of the Debtor, the Asbestos Claimants Committee, and the Future Claimants' Representative, if any, and any replies by parties in interest to objections or responses to confirmation of the Plan and/or one or more of the Insurance Settlement Motions shall be filed and served on or before **May 16, 2014 at 4:00 p.m. (prevailing Eastern time)**.

d.   The Combined Hearing shall be held on **May 22, 2014 at 10:00 a.m. (prevailing Eastern time)**.  The Combined Hearing may be adjourned from time to time by the Court or the Debtor without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

5.   Any other dates and deadlines requested to be approved in the Motion are approved.

## III.   Approval of Solicitation Procedures

6.   The proposed distribution and contents of the Solicitation Packages, which shall include a copy of this Order, are approved.

7.   The Debtor shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages to the Notice Parties on or before **March 3, 2014**.

8.      Copies of the Disclosure Statement, the Plan, the Insurance Settlement

Motions, this Order, and all exhibits thereto, shall be provided in PDF formant on an optical disc,

such as a CR-ROM instead of printed hard copies.

9.      For Disclosure Statement Hearing Notices and/or Solicitation Packages

returned as undeliverable, the Debtor is excused from mailing Disclosure Statement Hearing

Notices and/or Solicitation Packages or any other materials related to voting or confirmation of

the Plan to those entities listed at such addresses unless the Debtor is provided with accurate

addresses for such entities prior to the Solicitation Date, and failure to mail Solicitation Packages

or any other materials related to voting or confirmation of the Plan to such entities shall not

constitute inadequate notice of the Combined Hearing or the Voting Deadline and shall not

constitute a violation of Bankruptcy Rule 3017(d).

## IV.    Approval of Voting Procedures

10.     The Voting Procedures attached hereto as Exhibit 1 are approved in all

respects.

11.     The forms of ballot attached to the Motion as Exhibit B, Exhibit C, and

Exhibit D are approved in all respects.

12.     All Asbestos PI Claims in Class 4 of the Plan are temporarily allowed

solely for purposes of voting to accept/in favor of or reject/against the Plan, each in the amount

specified in the Voting Procedures and designated for such Asbestos PI Claim on the applicable

ballot or master ballot.  The temporary allowance of Asbestos PI Claims, the ballots, and the

values assigned to such Asbestos PI Claims therein pursuant to the Voting Procedures and this

Order shall not be used for any purpose other than to satisfy the voting requirements of sections

524(g) and 1126(c) of the Bankruptcy Code.  The designation of disease categories by holders of

Asbestos PI Claims in each ballot (or master ballot, if applicable) shall be used for voting

purposes only and shall not be binding on any party (including, without limitation, the Debtor

and the Asbestos PI Trust) except for voting purposes.

13.    Any holder of an Indirect Asbestos PI Claim filing a Rule 3018 Motion to

seek temporary allowance for voting purposes in an amount other than $1.00 must file and serve

such motion on the Debtor's counsel so that it is received no later than 15 calendar days after

receipt of the Solicitation Package.

14.    The Balloting Agent will process and tabulate ballots and master ballots

and, prior to the Combined Hearing, will file the Voting Certification no later than seven (7) days

prior to the Combined Hearing as required by Local Rule 3018-1.

## V.    Approval of Confirmation Procedures

15.    The form, manner, and scope of mailed and published Combined Hearing

Notice, as attached to the Motion as Exhibit E, constitute good, sufficient, and adequate notice

on all interested parties, including known and unknown claimants, and comply with due process.

Such notice is being provided by means reasonably calculated to reach all interested persons,

reasonably conveys all the required information to inform all persons affected thereby, and

provides a reasonable time for a response and an opportunity to object to the relief requested.  No

other or further notice is necessary.

16.    Objections and responses, if any, to confirmation of the Plan and/or one or

more of the Insurance Settlement Motions must (i) be in writing, (ii) set forth in detail the name

and address of any party filing the objection, the grounds for the objection, any relevant and

admissible evidence in support of the objection, and the amount of the objector's claims or such

other grounds that give the objector standing to assert the objection, (iii) conform to the

Bankruptcy Rules and the Local Rules, (iv) be filed with the Bankruptcy Court, and (v) be served

in accordance with General Order M-399 (found at www.nysb.uscourts.gov) upon the parties at

the addresses set forth in the Combined Hearing Notice so as to be actually received on or before

**4:00 p.m. (prevailing Eastern time) on May 2, 2014.**

17.    Objections to confirmation of the Plan and/or the Insurance Settlement

Motions not timely filed and served in accordance with the provisions of this Order shall not be

considered by the Court and are denied and overruled unless otherwise ordered by the Court.

18.    The Debtor, the Asbestos Claimants Committee, and the Future

Claimants' Representative may file and serve, as appropriate, consolidated replies and any other

party in interest may file a reply to any objections or responses to confirmation of the Plan and/or

one or more of the Insurance Settlement Motions on or before **4:00 p.m. (prevailing Eastern**

**time) on May 16, 2014.**

19.    The Debtor is authorized to take any action necessary or appropriate to

implement the terms of and the relief granted in this Order without seeking further order of the

Court.

20.    The Debtor is authorized, upon the consent of the Asbestos Claimants

Committee and the Future Claimants' Representative (not to be unreasonably withheld or

delayed), to make any non-substantive changes to the Solicitation Package (including the Plan,

the Disclosure Statement, ballots, and master ballots), the Voting Procedures, and/or forms of

mailed and published notice of the Plan, the Insurance Settlement Motions, and the Combined

Hearing without further order of the Court, including, without limitation, filling in any missing

dates or other missing information and changes to correct typographical, grammatical, and/or

formatting errors or omissions prior to their mailing to parties in interest.

- 8 -

21.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
Chief U.S. Bankruptcy Judge

Dated: February 25, 2014
          Poughkeepsie, New York

