# EXHIBIT 4

<u>Asbestos Records Cooperation Agreement</u>

(Attached)

## ASBESTOS RECORDS COOPERATION AGREEMENT

In connection with the Plan of Reorganization of Metex Mfg. Corporation Under Chapter 11 of the Bankruptcy Code, dated ▆▆▆▆▆▆▆▆, 2014, as confirmed by order of the United States Bankruptcy Court for the Southern District of New York, which confirmation was affirmed by an order of the United States District Court for the Southern District of New York (the "**Plan**"), this agreement ("**Cooperation Agreement**") is made, effective as of the Effective Date of the Plan, ▆▆▆▆ __, 2014, by and among the Metex Asbestos PI Trust (the "**Asbestos PI Trust**"), Reorganized Metex Mfg. Corporation ("**Reorganized Metex**" or the "**Reorganized Debtor**"), and Liberty Mutual Insurance Company ("**Liberty Mutual**") with respect to, among other things, the Asbestos PI Trust's access to certain documents and information of or concerning Metex Mfg. Corporation ("**Metex**" or the "**Debtor**"),[1] as described below. All capitalized terms not defined herein shall be defined as set forth in the Plan.[2] The parties hereto agree as follows:

1.      The Reorganized Debtor shall provide, or cause to be provided, and Liberty Mutual shall cause the law firm of McGivney and Kluger, national coordinating defense counsel for Metex or Kentile Floors, Inc., with regard to the Asbestos PI Claims ("**Kentile Defense Counsel**"), to provide, to the Asbestos PI Trust the following (collectively, the "**Asbestos Records**"):

(a)     To the extent the following information has been recorded as of the Effective Date and is retrievable using reasonable effort and at reasonable expense, copies of any and all databases pertaining to the Asbestos PI Claims, in the form maintained by Kentile Defense Counsel, containing (to the extent available): case name, state of lawsuit, county of lawsuit, case number, entity named or served, case status, date filed or opened, date served, plaintiff counsel, plaintiff name, alleged disease, occupation, exposure period, demand amount, settlement amount, year closed, settled date, dismissed date, number of active plaintiffs, number of non-active or

---

[1]  For the avoidance of doubt, the terms "**Metex**" and the "**Debtor**," as used herein, include Kentile Floors, Inc., a predecessor of Metex Mfg. Corporation. In addition, references to activities and Documents, including specific categories thereof, of Metex include, without limitation, activities or Documents of, or pertaining to, Kentile Floors, Inc.

[2]  The term "**Document**" shall refer to all documents, data, information, compilations, correspondence, materials, records and writings of any type or description, however created, reproduced or retrieved, and in every form, including, without limitation, databases, computer/electronic files, drafts and partially completed documents maintained by, or in the possession or control of, the Debtor or the Reorganized Debtor as of the Effective Date.

940142

dismissed plaintiffs, number of total plaintiffs. Such databases shall be provided even if such counsel does not have all the information for every plaintiff.

(b) To the extent the following information exists and is reasonably available on the Effective Date, access to:

(i) all of the records of Metex relating to the manufacture, production, installation, sale or distribution of products giving rise to Asbestos PI Claims, including but not limited to:

(A) all Documents relating to listings of all asbestos and asbestos-containing products manufactured, produced, installed, sold and/or distributed by Metex, including the dates of manufacture, production, installation, sale, and/or distribution;

(B) all Documents referring to or otherwise identifying locations where Metex manufactured, produced, installed, sold, or distributed asbestos or asbestos-containing products;

(C) all Documents relating to the manufacture, production, use, or distribution by Metex of asbestos-containing material; and

(D) all Documents relating to where Metex sold, installed, or distributed asbestos-containing products;

(ii) all of any existing electronic database of Metex information from records maintained by any service center, which contains any customer information relating to the sale, installation, or distribution of products giving rise to Asbestos PI Claims;

(iii) all Documents concerning the purchase by, or distribution to, Metex of asbestos or asbestos-containing products, the use or sale of which may have resulted in, or given rise to, an Asbestos PI Claim;

(iv) all product manuals of Metex for products giving rise to Asbestos PI Claims;

(v) all Documents concerning the transition of certain products of Metex giving rise to Asbestos PI Claims from asbestos-containing to non-asbestos-containing; and

- 2 -

    (vi) all Documents and information relating to Metex's insurance coverage through The Home Insurance Company ("**Home**") for asbestos liabilities, including, without limitation, liability insurance policies issued prepetition to Metex, all correspondence with insurance companies, brokers, or other entities regarding insurance coverage provided by Home for asbestos liabilities, including insurance files and insurance-related memoranda, pleadings, or court submissions maintained or stored by insurance recovery counsel of Metex, and any other Documents and information pertaining or referring to (I) any part of the liquidation proceeding captioned *In the Matter of The Home Insurance Co.*, No. 03-E-0106, pending in the Superior Court for Merrimack County, New Hampshire, or (II) any part of the proceeding captioned *In the Matter of the Ancillary Receivership of The Home Insurance Co.*, Index No. 402671/2003, pending in the Supreme Court of the State of New York, New York County.

 (c) Access to all relevant Documents maintained by, or in the possession, custody, or control of Metex or Kentile Defense Counsel, or consultants or experts, relating to the pre-petition defense of Asbestos PI Claims against Metex, including but not limited to:

    (i) all depositions, transcripts, and affidavits;

    (ii) all Metex discovery responses;

    (iii) all Metex exhibit lists prepared for use at trials, which include Documents relating to Metex and Documents relating to co-defendants that were alleged to have used asbestos or asbestos-containing products supplied by Metex;

    (iv) all depositions, transcripts, affidavits, or any other sworn statements of employees or customers of Metex and all discovery responses of Metex employees or customers obtained in the course of defense of Metex;

    (v) all case pleadings and Chapter 11 Case files;

    (vi) all dismissal orders and all executed releases;

    (vii) any database of proofs of claim regarding Asbestos PI Claims and copies of the proofs of claim;

    (viii) any database of ballots filed in connection with the Chapter 11 Case that relate to Asbestos PI Claims and copies of the ballots themselves;

   (ix) any complaint, demand letter or similar Document identifying individuals that have asserted or may assert Asbestos PI Claims;

   (x) any database or Document that identifies or provides contact information for individuals that have asserted unresolved Asbestos PI Claims;

   (xi) all physical repositories of Documents made available to asbestos personal injury claimants and their attorneys;

   (xii) a listing of the location of all physical repositories of Documents relating to Asbestos PI Claims; and

   (xiii) all documents or any database listing Workers' Compensation Claims related to asbestos exposure.

If necessary, Reorganized Metex or Liberty Mutual will provide such direction to Kentile Defense Counsel or to such consultants and experts as the Asbestos PI Trust may reasonably request.

  (d) Access to all written settlement agreements and releases, and any other Documents reflecting the settlement, payment, or other disposition of Asbestos PI Claims against Metex.

2. As used herein, with respect to all Asbestos Records kept in paper form, "access" means that the Reorganized Debtor will provide, and Liberty Mutual will cause Kentile Defense Counsel to provide, the Asbestos Records in the manner and location in which the Reorganized Debtor or Kentile Defense Counsel generally retain their business records in the ordinary course of business at a date and time (or series of set dates, depending upon the amount of time necessary to review and copy the Asbestos Records) that is reasonably acceptable to the Asbestos PI Trust and the Reorganized Debtor or the Asbestos PI Trust and Kentile Defense Counsel, as applicable. With respect to Asbestos Records kept in electronic form, "access" means that the Reorganized Debtor will provide, and Liberty Mutual will cause Kentile Defense Counsel to provide, the Asbestos Records on compact disc or other electronic media as maintained by the Reorganized Debtor or Kentile Defense Counsel. With respect to any Asbestos Records kept in microfiche form, "access" means that the Reorganized Debtor will provide, and Liberty Mutual will cause Kentile Defense Counsel to provide, the Asbestos Records on microfiche or other media as maintained by the Reorganized Debtor or Kentile Defense Counsel. At its option, the Asbestos PI Trust may employ an outside contractor to

photocopy, electronically reproduce, or otherwise reproduce any of the Asbestos Records. When providing the Asbestos Records or access thereto, the Reorganized Debtor will provide, and Liberty Mutual will cause Kentile Defense Counsel to provide, the Asbestos PI Trust with any available electronic or paper index that identifies or describes the contents of any relevant files, boxes, discs, and databases. To the extent any Asbestos Records in electronic form are stored in a format with full text or other searchable capabilities, the Reorganized Debtor will provide, and Liberty Mutual will cause Kentile Defense Counsel to provide, (a) all search engines, software, and programs necessary to enable all potential search functions as to such Asbestos Records in electronic form, and (b) descriptions of the data tables and fields used in the database.

3.     With respect to any database covered by this Cooperation Agreement, to the extent necessary to resolve any difficulties in accessing the information in such database, Reorganized Metex or Liberty Mutual will provide such direction to Kentile Defense Counsel, consultants, and experts as the Asbestos PI Trust may reasonably request, including, without limitation, access to the physical records from which the database was created.

4.     The Reorganized Debtor and Liberty Mutual hereby authorize the Future Claimants' Representative and his agents and professionals to provide to the Asbestos PI Trust all data and any other information concerning Asbestos PI Claims against Metex or Metex's insurance coverage or settlements that was provided by Metex or Liberty Mutual, directly or indirectly, to the Future Claimants' Representative or his agents or professionals on or prior to the Effective Date.

5.     The Reorganized Debtor and Liberty Mutual hereby authorize the Asbestos Claimants Committee and its agents and professionals to provide to the Asbestos PI Trust all data and any other information concerning Asbestos PI Claims against Metex or Metex's insurance coverage or settlements that was provided by Metex or Liberty Mutual, directly or indirectly, to the Asbestos Claimants Committee, or their agents or professionals on or prior to the Effective Date.

6.     To the extent that providing information as contemplated by this Cooperation Agreement would involve the property or other rights of third parties unaffiliated with the Reorganized Debtor or Liberty Mutual, the Reorganized Debtor and Liberty Mutual shall undertake reasonably appropriate efforts to facilitate the provision of such information by such unaffiliated third parties in compliance with the requirements of this Cooperation Agreement.

7.     The Reorganized Debtor shall use commercially reasonable efforts, and Liberty Mutual shall cause Kentile Defense Counsel to use commercially reasonable efforts, to grant the

Asbestos PI Trust access to the Asbestos Records within thirty (30) days from the date of a written request by the Asbestos PI Trust. The Asbestos PI Trust may retain copies of all the Asbestos Records that it has caused to be reproduced at its expense or which have been provided to it.

8.     The fees for storing the Asbestos Records, and the costs and expenses of copying and searching the Asbestos Records, are costs of implementation of the Plan. The reasonable fees for storing the Asbestos Records, and the reasonable costs and expenses of copying and searching the Asbestos Records, shall be paid by the Asbestos PI Trust.

9.     Upon the request of the Asbestos PI Trust, the Reorganized Debtor shall provide, or Liberty Mutual shall cause Kentile Defense Counsel to provide, the Asbestos PI Trust with a certification that, in responding to a particular request by the Asbestos PI Trust for one or more Asbestos Records, the Reorganized Debtor or Kentile Defense Counsel, as applicable, used all reasonable efforts to meet the requirements of this Cooperation Agreement.

10.    Nothing in this Cooperation Agreement shall require the Reorganized Debtor, Liberty Mutual, or Kentile Defense Counsel to create any new Documents or to provide any Documents not in its respective possession, custody, or control.

11.    The Asbestos PI Trust shall use the Asbestos Records solely for the purposes of processing, evaluating, defending, and resolving Asbestos PI Claims submitted to the Asbestos PI Trust, and for resolving any insurance rights relating thereto involving Home Insurance Company; *provided, however*, that the Asbestos PI Trust may share those Asbestos Records with a holder of an Asbestos PI Claim that are relevant to that Asbestos PI Claim.

12.    The Reorganized Debtor and Liberty Mutual shall have no duty to check or verify the accuracy of any information contained in the Asbestos Records and do not make any representation or warranty, express or implied, as to the accuracy of such information.

13.    With respect to all Documents contemplated by or under Paragraph 1 of this Cooperation Agreement that are or were in the possession, custody, or control of the Debtor or Reorganized Debtor, the Reorganized Debtor represents and warrants, to the best of its knowledge and information, that it has taken reasonable steps to preserve the Documents in its possession, custody, or control up to and through the Effective Date, except such Documents as may have been destroyed or otherwise disposed of pursuant to and in accordance with a document retention policy formally approved or established by such entity, which policy with regard to any such Documents shall be provided to the Asbestos PI Trust upon request. With respect to Documents

contemplated under Paragraph 1 of this Cooperation Agreement in the possession, custody, or control of Kentile Defense Counsel up to and through the Effective Date, Liberty Mutual represents and warrants that it has instructed Kentile Defense Counsel to take reasonable steps to preserve such Documents.

14. The Reorganized Debtor shall take all reasonable steps to preserve the Asbestos Records in its custody or control, and the Reorganized Debtor and Liberty Mutual shall cause Kentile Defense Counsel to take all reasonable steps to preserve the Asbestos Records in the possession, custody, or control of Kentile Defense Counsel, at all times prior to the termination of this Cooperation Agreement. The Reorganized Debtor, and any of its successors, shall not dispose of or destroy, and the Reorganized Debtor and Liberty Mutual shall instruct Kentile Defense Counsel not to dispose of or destroy, the Asbestos Records which are not duplicative and are produceable under this Cooperation Agreement until the tenth (10th) anniversary of the Effective Date of the Plan, without providing at least one hundred and eighty (180) days' advance written notice to the Asbestos PI Trust, within which 180-day period the Asbestos PI Trust shall be entitled to take possession, custody, or control of the Asbestos Records at its own expense; but the earliest date on which the Reorganized Debtor or Liberty Mutual (with respect to Kentile Defense Counsel), or any of their successors may deliver such notice to the Asbestos PI Trust is the second (2nd) anniversary of the Effective Date. Notwithstanding the foregoing, nothing in this Cooperation Agreement shall be construed as precluding the Asbestos PI Trust from taking possession, custody, or control of the Asbestos Records at its own expense at any time on or after the Effective Date.

15. This Cooperation Agreement shall expire on the tenth (10th) anniversary of the Effective Date. Up to one hundred and twenty (120) days before it is set to expire, this Cooperation Agreement can be renewed by mutual consent; *provided, however*, that the Reorganized Debtor and any of its successors shall remain obligated to provide the Asbestos PI Trust with access to the Asbestos Records as set forth herein for as long as such entities remain in possession, custody, or control thereof, subject to the provisions of Paragraph 14 hereof; and *provided further* that Liberty Mutual and any of its successors shall remain obligated to cause Kentile Defense Counsel and any of its successors to provide the Asbestos PI Trust with access to the Asbestos Records as set forth herein for as long as such entities remain in possession, custody, or control thereof, subject to the provisions of Paragraph 14 hereof.

16. Privileges belonging to Metex on the Petition Date in the Asbestos Records shall belong to the Asbestos PI Trust as of the Effective Date. The Reorganized Debtor does not waive any privilege, including but not limited to the attorney-client privilege or work-product doctrine, that

may protect any Asbestos Record, and nothing in this Cooperation Agreement shall be construed as a waiver of any privilege by any party hereto by virtue of entering this Cooperation Agreement or providing or disclosing any Asbestos Record under this Cooperation Agreement.

17. In providing Asbestos Records pursuant to this Cooperation Agreement, the Reorganized Debtor, Liberty Mutual, or Kentile Defense Counsel may designate all or a portion of certain Asbestos Records as containing material protected from disclosure by the attorney-client privilege, work-product doctrine, or other privilege or protection available to Liberty Mutual or Metex, including without limitation, Kentile Floors, Inc., under applicable state or federal law ("**Privileged Material**"). The Trustee of the Asbestos PI Trust may not disclose the portions of Asbestos Records designated as containing Privileged Material to any person, including any member of, counsel for, or other agent of the Trust Advisory Committee or the Future Claimants' Representative, without first obtaining written consent from the Reorganized Debtor or Liberty Mutual, as appropriate, approving such disclosure. Nothing in this Cooperation Agreement shall be construed as a waiver of any privilege of the Reorganized Debtor or Liberty Mutual by virtue of entering this Cooperation Agreement or providing or disclosing, or facilitating the provision or disclosure of, any Asbestos Records under this Cooperation Agreement.

18. If the Reorganized Debtor, Liberty Mutual, or Kentile Defense Counsel (each, a "**Designating Party**") designate all or a portion of any Asbestos Records as Privileged Material in accordance with Paragraph 17 hereof, and the Asbestos PI Trust disputes such designation, the Asbestos PI Trust shall give written notice of the dispute to the Designating Party. The Asbestos PI Trust and the Designating Party shall then negotiate in good faith by telephone or in person to attempt to resolve the dispute. If any dispute cannot be resolved through negotiation, the Asbestos PI Trust shall have five (5) Business Days from the date of actually delivering a written notice to the Designating Party declaring an impasse to seek an order from the Bankruptcy Court or the District Court resolving the dispute. The Asbestos PI Trust shall provide the Designating Party with at least five (5) Business Days' notice of any hearing on any pleading, petition, application, or motion that the Asbestos PI Trust has filed with the Bankruptcy Court or the District Court in order to resolve the dispute. The disputed Asbestos Records shall be treated as Privileged Material pending the Court's decision and any appeal therefrom.

19. Within ninety (90) days from the execution of this Cooperation Agreement, the Reorganized Debtor shall identify for the Asbestos PI Trust, and Liberty Mutual shall cause Kentile Defense Counsel to identify for the Asbestos PI Trust, any present or former officers, employees, and agents of Metex, the Reorganized Debtor, or Kentile Defense Counsel, who

likely have significant knowledge about the Asbestos Records, including, without limitation, those present or former officers, employees, and agents who are competent to authenticate and prove the chain of custody of Documents for admissibility purposes in court or other proceedings.  Upon the request of the Asbestos PI Trust, the Reorganized Debtor will take reasonable steps, and Liberty Mutual will cause Kentile Defense Counsel to take reasonable steps, to make such officers, employees, or agents available to the Asbestos PI Trust, and the Asbestos PI Trust will reimburse the Reorganized Debtor, Liberty Mutual, or Kentile Defense Counsel, as applicable, for all lost time and reasonable expenses incurred in making such employees or agents available.  To the extent information leading to or locating any Asbestos Records is held by any former officers, employees, or agents of Metex, the Reorganized Debtor, Liberty Mutual, or Kentile Defense Counsel, the Reorganized Debtor and Liberty Mutual do not object to, and Liberty Mutual will instruct Kentile Defense Counsel not to object to, the Asbestos PI Trust contacting those persons for such information.  Upon request, each of the Reorganized Debtor and Liberty Mutual will provide, and Liberty Mutual will instruct Kentile Defense Counsel to provide, any contact information it has for former officers, employees, and agents and for third parties having possession of or knowledge about Asbestos Records.  The Reorganized Debtor and Liberty Mutual will, and Liberty Mutual will instruct Kentile Defense Counsel to, to the extent possible, cooperate with the Asbestos PI Trust and not take any action to dissuade any person from cooperating with the Asbestos PI Trust.

20.     Each party to this Cooperation Agreement shall take such steps and execute such documents as may be necessary or proper to effectuate the purpose and intent of this Cooperation Agreement, and to preserve its validity and enforceability.  Without limitation to any part of the immediately preceding sentence, any provision in this Cooperation Agreement that requires the Reorganized Debtor to provide Asbestos Records or any other information to the Asbestos Trust shall be construed as also requiring the Reorganized Debtor, whenever necessary or proper, to cause such Asbestos Records or other information to be provided or made accessible to the Asbestos PI Trust, including, without limitation, the execution and delivery by the Reorganized Debtor of any written instructions to Kentile Defense Counsel to provide or make accessible such Asbestos Records or other information.

21.     This Cooperation Agreement shall be construed in accordance with the laws of the State of New York, without regard to any New York conflict of law principles that would result in the application of laws of any other jurisdiction.

22.     This Cooperation Agreement states the entire agreement among the Asbestos PI Trust, the Reorganized Debtor, and Liberty Mutual with respect to the subject matter hereof, and

supersedes all prior representations and agreements among the parties as to such subject matter. Any modification, waiver, or amendment of any provision of this Cooperation Agreement must be in writing and executed by the Asbestos PI Trust, the Reorganized Debtor, and Liberty Mutual, and no waiver of any term or breach of this Cooperation Agreement shall be deemed a waiver of such term for the future or any subsequent or other breach hereof.

23.     This Cooperation Agreement shall be binding upon the Asbestos PI Trust, the Reorganized Debtor, Liberty Mutual, and their respective successors.

24.     This Cooperation Agreement may be executed in any number of counterparts, each of which shall constitute an original but all of which together shall constitute one and the same instrument.  Facsimiles or scanned versions of signatures by the parties shall be treated as originals.

25.     The Bankruptcy Court or the District Court, as applicable, shall, to the fullest extent permitted by law, have exclusive jurisdiction over all matters regarding the interpretation, implementation, and enforcement of this Cooperation Agreement.

26.     Notices to the Asbestos PI Trust shall be sent by overnight mail or certified mail, return receipt requested, addressed to:

Metex Asbestos PI Trust

_____

_____

with a copy (which alone will not constitute notice) to:

_____

_____

Notices to Reorganized Metex shall be sent by overnight mail or certified mail, return receipt requested, addressed to:

Mr. Anthony J. Miceli
President
Metex Mfg. Corporation
9 Park Place
Great Neck, New York  11021

with a copy (which alone will not constitute notice) to:

_____

_____

Notices to Liberty Mutual shall be sent by overnight mail or certified mail, return receipt requested, addressed to:

Russell Gregg, Esquire
Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02117

with a copy (which alone will not constitute notice) to:

Robert B. Millner, Esquire
Dentons US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606-6404

and

Robert L. Hoegle, Esquire
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue NW, 9th Floor
Washington, DC  20001

- 11 -

IN WITNESS WHEREOF, the parties have executed this Asbestos Records Cooperation Agreement, effective as of the Effective Date of the Plan.

**METEX ASBESTOS PI TRUST**

By: _____

Its: _____

**METEX MFG. CORPORATION**

By: _____

Its: _____

**LIBERTY MUTUAL INSURANCE COMPANY**

By: _____

Its: _____